IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALMA , ANTONIO , ISABEL , and DANIEL J. LEONARD,<br><br>    Plaintiffs,<br><br> vs.<br><br>NOAH'S ARK PROCESSORS, LLC,<br><br>    Defendant. | 4:20CV3141<br><br>ORDER |

  This matter is before the court on the Motion for Leave to Proceed under Pseudonyms, (Filing No. 2), filed by pseudonymous plaintiffs Alma, Antonio, and Isabel ("the Moving Plaintiffs"). After consideration, Moving Plaintiffs' motion will be granted, for the reasons outlined below.

DISCUSSION

  Fed. R. Civ. P. 10 provides that "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a).  The purpose of this rule is to apprise the parties of the opponents and to protect the public's legitimate interest in knowing all the facts and events surrounding court proceedings. Keller v. City of Fremont, 2011 WL 41902, at *1 (D. Neb. Jan. 5, 2011) (noting First Amendment concerns and outlining the "strong presumption against allowing parties to use a pseudonym"). Although Rule 10 does not expressly prohibit the use of pseudonyms, a lawsuit is public event, and the public has a legitimate interest in knowing the facts involved, including the identity of the parties. See, e.g., Doe v. Hartz, 52 F. Supp. 2d 1027, 1045 (N.D. Iowa 1999); Heather K. v. City of Mallard, Iowa, 887 F. Supp. 1249 (N.D. Iowa 1995).

> However, courts have carved out a limited number of exceptions to the general requirement of disclosure, which permit plaintiffs to proceed anonymously.... "The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial [ ] right which outweighs the customary and constitutionally embedded presumption of openness in judicial proceedings."

Roe v. AwareWoman Center for Choice, Inc., 253 F.3d 678, 685 (11th Cir. 2001), cert. denied, 534 U.S. 1129 (2002) (quoting Doe v. Frank, 951 F.2d 320, 323 (11th Cir. 1992)). Courts in other districts have granted motions to proceed by pseudonym where the plaintiffs have a sufficiently plausible fear that revealing their identity would have adverse employment consequences. See, e.g., Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068 (9th Cir. 2000). When the basis for a motion to proceed by pseudonym is fear of employment retaliation, "the district court should determine the need for anonymity by evaluating the following factors: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears, and (3) the anonymous party's vulnerability to such retaliation." Textile, 214 F.3d at 1068. The retaliation in question must transcend "the typical methods by which employers retaliate against employees who assert their legal rights." Textile, 214 F.3d at 1071. Instead, the employment consequences must be "extraordinary" in order to overcome the presumption of a transparent judicial process. Id.

Here, all movants are former employees of the Defendant, Noah's Ark Processors, LLC ("Defendant") - a meat processing facility in Hastings, Nebraska. (Filing No. 2 at CM/ECF p. 2). Movants claim that Defendant provided unsafe working conditions related to precautions taken (or not taken) to combat the COVID-19 pandemic. (Filing No. 2 at CM/ECF pp. 2-4).

None of the Moving Plaintiffs are still employed at Defendant's facility. (Filing No. 2 at CM/ECF pp. 2-5). Thus, they do not claim that Defendant will fire them for

2

participating in this lawsuit. They fear that their current employers (or potential employers) – other meat processing facilities in their area – would retaliate again them for their role in speaking out against Defendant. (Filing No. 2 at CM/ECF pp. 2-3). They also fear that Defendant will pressure their current and/or potential employers to fire them or to reject their prospective applications for employment. (Filing No. 2 at CM/ECF pp. 2-3). Moving Plaintiffs claim that "[i]n an already-limited job market in a tight-knit community where word travels fast, revelation of [their] identity might make it virtually impossible for [them] to find work. (Filing No. 2 at CM/ECF pp. 3-4).

The court is sympathetic to the movants' position. However, it is not clear to the court that they have established the type of extraordinary harm that typically supports a request to proceed anonymously. In the cases cited by the Moving Plaintiffs, the workers in question faced additional consequences, such as adverse immigration proceedings, disclosure of sensitive medical information, or extreme public ridicule. (Filing No. 2 at CM/ECF p. 5-6). Other than speculation that their former employer might tell other meat processing plants about the lawsuit, Moving Plaintiffs have not provided evidence or argument of any of the types of extraordinary consequences litigated in the cases they cite.

That said, this case is at an extremely early stage. Given the court's responsibility to weigh the harm to plaintiffs against the need for transparency in litigation, the court finds little harm in allowing the movants to proceed pseudonymously for the present purposes. The court will grant the Moving Plaintiffs' motion to proceed by pseudonym; however, the court reserves the right to readdress this issue should this case proceed to further stages of litigation. See Rural Cmty. Workers All. v. Smithfield Foods, Inc., 459 F. Supp. 3d 1228, 1228 (W.D. Mo. 2020) (noting that issues before the court early in litigation were purely legally and allowing plaintiffs to appear by pseudonym while reserving the right to

reopen the matter should litigation proceed into a more individualized, fact intensive posture). Indeed, Defendant has not answered or appeared in this matter and it is unclear how litigation will take shape. Defendant will, on a proper showing, be allowed to reopen this matter for additional consideration.

Accordingly, IT IS ORDERED that moving plaintiffs' motion to proceed by pseudonym (Filing No. 2) is granted as outlined herein.

Dated this 9th day of December, 2020.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge