IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALMA, et al., | |
| Plaintiffs, | 4:20-CV-3141 |
| vs. | |
| NOAH'S ARK PROCESSORS, LLC, | ORDER |
| Defendant. | |

This matter is before the Court on the defendant's motion for extension of time (filing 21), which asks the Court for (among other things) an additional 30 days—a total of 47 days—to respond to the plaintiffs' motion for a preliminary injunction (filing 17). That request will be denied.

The plaintiff's motion for preliminary injunction was filed on December 3, 2020, and served on the defendant by overnight mail. Filing 17 at 3. Accordingly, the plaintiff's response to that motion is due on Monday, December 21. *See* NECivR 7.1(b)(1)(B); Fed. R. Civ. P. 6(a)(1)(C) & (d). The defendant wants until January 19, 2021 to respond.[1] Briefly summarized, the defendant claims the plaintiffs have submitted a "voluminous record," that it will be "compelled to depose 9 of the persons" whose declarations support the motion, and that the additional time will permit the Court to review its anticipated motions to dismiss pursuant to Fed. R. Civ. P. 12. Filing 21 at 2-3.

The Court's standard for "voluminous" is apparently different from counsel's: the plaintiffs' index is 315 pages (including interstitial pages) and fewer than 60 pages of that are eyewitness declarations. *See* filing 19. That's

---

[1] The defendant also wants additional time to respond to the complaint. Filing 21 at 1. The plaintiffs don't object to that, filing 22 at 1, so the Court will grant it.

hardly unmanageable—it's not uncommon for the Court to receive single exhibits in civil cases that are longer than the plaintiffs' entire index.[2] The defendant is also fully in control of the information necessary to oppose the plaintiffs' evidence: the conditions, policies, and procedures in its own facility. The defendant is, therefore, fully capable of resisting the plaintiffs' motion.

The Court is also unpersuaded that the extensive expedited discovery the defendant demands is warranted. A party may request expedited discovery by demonstrating "good cause," which requires a showing that the need for expedited discovery outweighs prejudice to the responding party. *Empirical Foods, Inc. v. Primus Builders, Inc.*, No. 8:19-CV-457, 2020 WL 5064220, at \*15-16 (D. Neb. Aug. 27, 2020). Courts commonly consider the breadth and timing of the requests, their purpose, and the burden on the responding party. *Id*. at 16. But the burden here is heavy—both on the putative deponents and in the delay to the plaintiffs—and the only basis for it is the defendant's unsupported assertion that there are "numerous false allegations asserted in the Complaint." Filing 21 at 2. Parties often disagree about the truth of the pleadings, at least initially, and that's not a basis for expedited discovery.

Finally, the defendant wants the Court to set a 2- or 3-day hearing on the motion, asserting its "due process right to confront its accusers and cross examine them" and estimating that "15 to 20 witnesses will likely be called." Filing 21 at 3. But an evidentiary hearing is only required before issuing an preliminary injunction if there is a material factual controversy. *United Healthcare Ins. Co. v. AdvancePCS,* 316 F.3d 737, 744-45 (8th Cir. 2002); *Linc-Drop, Inc. v. City of Lincoln*, 996 F. Supp. 2d 845 n.2 (D. Neb. 2014). In general, the Court does not allow oral argument or evidentiary hearings on motions,

---

[2] The Court is wholly unpersuaded that oral argument is necessary "because of the voluminous evidence that Plaintiffs are submitting." Filing 21 at 3.

NECivR 7.1(e), and if there's a material factual controversy here, the defendant hasn't told the Court what it is yet. As a result, the request for a hearing is premature, and the Court will decide *after* receiving the defendant's response to the plaintiffs' motion for preliminary injunction whether an evidentiary hearing is necessary (and, if so, what the duration and scope of that hearing will be).[3]

IT IS ORDERED:

1. The defendant's motion for extension of time (filing 21) is granted in part.

2. The defendant may answer or otherwise respond to the plaintiff's complaint on or before January 11, 2021.

3. The defendant's request for an extension of time to respond to the plaintiff's motion for a preliminary injunction (filing 17) is denied.

---

[3] There's also a certain tension between the defendant's demands for extensive discovery and a 2-3 day hearing, filing 21 at 2-3, and its apparent belief that the Court lacks jurisdiction and that the pleadings don't even state a claim, *see* filing 21 at 2. If the defendant has a meritorious argument that the Court lacks subject matter jurisdiction, it would be not just premature but irresponsible for the Court to engage in discovery and an evidentiary hearing. But despite the Court's extension of the deadline for filing a motion to dismiss, the defendant should be aware that the Court will not wait for a *hypothetical* motion before reaching the merits of the plaintiffs' motion for injunctive relief.

4.  The defendant shall respond to the plaintiff's motion for a preliminary injunction (filing 17) on or before December 21, 2020. The plaintiff may reply in support of its motion on or before December 28, 2020.

5.  The defendant's request for expedited discovery is denied.

6.  No hearing or argument will be set at this time.

Dated this 16th day of December, 2020.

>    BY THE COURT:
>
>    *John M. Gerrard*
>    John M. Gerrard
>    Chief United States District Judge