**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA
LINCOLN DIVISION**

| | |
|---|---|
| ALMA, et al.,<br><br>   *Plaintiffs*,<br><br>v.<br><br>NOAH'S ARK PROCESSORS, LLC,<br><br>   *Defendants*. | )<br>)<br>) Case No.: 4:20-cv-03141<br>)<br>)<br>) **PLAINTIFFS' MOTION TO STAY**<br>) **DEFENDANT'S SECOND**<br>) **CONSECUTIVE MOTION TO**<br>) **DISMISS**<br>)<br>)<br>) |

  Plaintiffs respectfully move to stay proceedings on Defendant's second motion to dismiss, Dkt. 59, until after the Court resolves the motion for preliminary injunction. The preliminary injunction remains essential and urgent to protect Plaintiffs, workers, and members of the public. That motion should be prioritized over Defendant's attempt to distract the Court and the Plaintiffs with lengthy serial motions such as its second motion to dismiss. Indeed, Defendant admits that it could have included all of its new dismissal claims in its original motion to dismiss, Dkt. 59 at 1 n.2, but instead chose to file a *second* motion, along with a nine-thousand-word brief raising largely redundant arguments, just two weeks after briefing its original motion to dismiss. This burdensome litigation behavior must not detract from the urgency of the preliminary relief Plaintiffs are seeking.

  In support of this motion, Plaintiffs state as follows:

  1. Plaintiffs' motion for preliminary judgment is pending with the Court. Dkts. 18, 33, 40 (briefs). The motion seeks an order that Noah's Ark provide several basic protections against the rapid spread of COVID-19 from Defendant's plant to the surrounding Tri-Cities community. The relief Plaintiffs are seeking is simple and critical: concrete steps to decrease crowding, a basic sick-

leave policy, a system to replace soiled masks, and basic testing. *See* Proposed Order Granting Preliminary Injunction (emailed to chambers Dec. 30, 2020).

2. The primary dangers at Noah's Ark are undisputed. PI Reply, Dkt. 40, at 3-13. Defendant does not genuinely dispute that crowding remains a daily feature of its cafeteria and processing areas. *Id.* at 5-6. It identified virtually no concrete steps it had taken to reduce crowding, just the vaguest statements that it "encourages distancing." *Id*. It admits that it has never written a sick-leave policy or distributed one to workers. *Id.* at 10-11. And now that the Families First Act has expired, the plant's response makes clear that *sick workers must keep working* in order to get paid. *Id.* at 10. The plant has no protocols in place to ensure that soiled masks are replaced. *Id.* at 12-13. And it was not doing any testing or contact tracing as of when Plaintiffs filed their motion. *Id.* at 8. The plant claims to have supposed "plans" to make a couple changes in response to this case, but with no details, timelines, or any plans to address the other problems. *Id.* at 7.

3. It bears repeating: These unbelievable failures are not in genuine dispute. The plant's preliminary injunction response (Dkt. 33) does not identify any evidence that directly contradicts any of the specific factual assertions that are core to Plaintiffs' motion.

4. Unable to seriously dispute the alarming conditions Plaintiffs have shown, Defendant instead appears focused on delaying a ruling on the preliminary injunction by inundating the Court with filings. To date, it has filed two separate motions to dismiss, multiple briefs and motions regarding plaintiffs' anonymity, and *four* separate motions regarding Plaintiffs' evidence, each one accompanied by a voluminous brief, raising literally hundreds of claims—often multiple per sentence. *See* Dkts. 23, 24, 26, 42, 43, 44, 45, 48, 49, 53. None of these needs to be addressed in detail at this time. The motions to dismiss and the anonymity issues can be decided later. And, as

Plaintiffs have explained, the evidentiary objections need not be considered at this early stage. *See* Dkt. 49 at 1-4. Plaintiffs ask the Court to put these filings to the side as it decides the preliminary injunction.

5. Many of Defendant's filings are duplicative and overlapping. For instance, Defendant filed a detailed motion to strike much of Plaintiffs' evidence. Dkt. 26. After Plaintiffs filed their response, Dkt. 41, Defendant *withdrew* its motion and filed a brand-new set of evidentiary objections—a 17-page motion accompanied by a 14-page brief—repeating its previous arguments and adding responses to Plaintiffs' brief. Dkts. 44-45. Defendant then filed a near-identical motion and brief regarding the remainder of Plaintiffs' evidence, Dkts. 48-49; *see also* Dkts. 23, 24, 42, 43, 53 (additional filings regarding evidentiary objections). These duplicative serial filings are a waste of the Court's and the parties' time.

6. Defendant's second motion to dismiss continues the same pattern.[1] It raises new dismissal claims based on largely the same grounds as its original motion to dismiss—that there's no federal cause of action, and that the injuries are speculative. Instead of including these dismissal claims in its original motion, Defendant instead filed a new motion two weeks later accompanied by another nine thousand words of briefing. Dkt. 56 (Jan. 27 reply on first MTD); Dkt. 59 (Feb. 11 second MTD). Defendant provides no explanation for subjecting the Court to such an inefficient and burdensome approach. *See* Dkt. 59 at 1 n.2 (arguing only that a second motion is *allowed*, with no explanation for filing two consecutive motions and full-length briefs).

---

[1] This pattern of burdensome litigation conduct extends to other cases as well, which courts typically consider in deciding how to respond. As the Court is aware, in *Sawyer v. Noah's Ark Processors, LLC*, No. 4:19-cv-3016 (D. Neb.), Defendant has been held in contempt for violating the Court's orders after lengthy contempt-related proceedings, *see id.* Dkts. 36, 40, 61. And in *UCFW Local 293 v. Noah's Ark Processors, LLC*, No. 8:18-cv-466 (D. Neb.), Defendant has similarly been held in contempt after extensive proceedings, *id.* Dkts. 80, 85, 89, 97. This kind of behavior imposes unnecessary and unfair burdens on the Court and other litigants.

3

7. Courts have a variety of ways to address litigants who file "redundant, vexatious" and "additional motions for the same [relief]," including barring the filing of any further motions without permission. *Chapman v. Jarzynka*, 2015 WL 4066692, *1 (D. Neb. July 2, 2015); *Am. Dairy Queen Corp. v. Blume*, 2013 WL 1748436, *9 (D. Minn. Jan. 11, 2013) (party "generally inundating the Court with motions"); *Kent v. Bank of America, N.A.*, 2012 WL 3582759, *16 (D. Minn. May 31, 2012) ("attempt[s] to prolong the litigation on the merits of the claims" by filing serial motions raising claims that could and should have been raised earlier); *Neb. Data Centers, LLC v. Khayet*, 2018 WL 10757614, *6 (D. Neb. July 6, 2018) ("litigation tactics, such as filing redundant and unnecessary documents, which seriously undermine the goal of efficien[cy]"). For now, Plaintiffs believe the proper course is to stay Defendants' second motion to dismiss until after the Court has decided the motion for preliminary injunction. The preliminary injunction is where the urgency lies in this case.

Dated: February 16, 2021

Respectfully submitted,

Adam Sipple (SBN 20557)
Rose Godinez (SBN 25925)
ACLU Foundation of Nebraska, Inc.
134 S. 13th St. #1010
Lincoln, NE 68508
T: (402) 476-8091
*ajsipple@aclunebraska.org*
*rgodinez@aclunebraska.org*

Maren Lynn Chaloupka (SBN 20864)
Chaloupka Law LLC
P.O. Box 1724
Scottsbluff, NE 69363
T: (308) 270-5091
F: (308) 270-5105
*mlc@chaloupkalaw.net*

*Attorneys for Plaintiffs*
*\*Admitted Pro Hac Vice*

/s/ Spencer Amdur
Spencer Amdur*
ACLU Foundation
39 Drumm Street
San Francisco, CA 94111
T: (415) 343-0770
F: (415) 395-0950
*samdur@aclu.org*

Lee Gelernt*
Noor Zafar*
ACLU Foundation
125 Broad Street, 18th Floor
New York, NY 10004
T: (212) 549-2660
F: (212) 549-2654
*lgelernt@aclu.org*
*nzafar@aclu.org*

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2021, I electronically filed the foregoing with the Clerk of Court by using the District Court CM/ECF system. A true and correct copy of this motion has been served via the Court's CM/ECF system on all counsel of record.

/s/ Spencer Amdur
Spencer Amdur
