IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA
LINCOLN DIVISION

| | | |
|---|---|---|
| ALMA; ISABEL; ANTONIO; AND DANIEL J. LEONARD, | ) ) ) | CASE NO.:4:20-CV-03141-JMG-CRZ |
| Plaintiffs, | ) ) | **NOAH'S BRIEF IN RESISTANCE TO MOTION TO STAY** |
| vs. | ) ) | |
| Noah's Ark Processors, LLC, | ) ) | |
| Defendant. | ) | |

This  Brief comprises the response of Defendant Noah's Ark Processors, LLC's ("Noah's") to Plaintiffs' Motion to Stay Defendant's Second Consecutive Motion to Dismiss (Filing No. 60;[1] the "Motion").  At page 1, the Motion requests that this Court stay its ruling on Noah's Second Motion to Dismiss for Lack of Subject Matter Jurisdiction (Filing No. 58;[2] the "Second Motion") until after the Court rules on Plaintiffs' Motion for Preliminary Injunction (Filing No.17[3]).[4]

The Motion contains unprofessional *ad hominem* attacks, which are grounded in part on irrelevant and inadmissible evidence from other proceedings. The Motion's re-argument of Plaintiffs' baseless Motion for Preliminary Injunction is also inappropriate, particularly in view of the i) substantial evidence Noah's adduced disputing Plaintiffs' contention that Noah's is not

---

[1]Available at: https://ecf.ned.uscourts.gov/doc1/11314648753.

[2]Available at: https://ecf.ned.uscourts.gov/doc1/11314646480.

[3]Available at: https://ecf.ned.uscourts.gov/doc1/11314606228.

[4]Plaintiffs also suggest at the bottom of page 2 of the Motion that the Court should delay ruling on *both Motions* to Dismiss until "later." Plaintiffs do not appear to know what they want.  These Motions to Dismiss are hardly a distraction that can casually be ignored until later, as Plaintiffs cavalierly suggest, for they are highly meritorious. Importantly, if granted, these Dismissal Motions obviate the need for the Court to get involved in the laborious resolution of the legal and factual issues raised by the Motion for Preliminary Injunction, including the review of the voluminous evidence offered by Plaintiffs.

taking proper precautions to limit its workers' exposure to COVID 19 and ii) the imminent availability of the vaccine of which Noah's requests this Court to take judicial notice.   The Motion projects on to Noah's Plaintiffs' own burdensome litigation conduct, which is evidenced by Plaintiffs' malicious prosecution *in the wrong court* of a legally *frivolous* complaint predicated on Noah's supposed wrongs *to its non-party employees*.[5]

Plaintiffs cite no legal authority empowering this Court to rule on the pending Motion for Preliminary Injunction without first determining whether the Court has jurisdiction.  Plaintiffs also fail to explain how this Court could possibly determine the preliminary injunction element, whether Plaintiffs will be successful on the merits, without resolving the 2 pending Motions to Dismiss. *eScholar LLC v. Nebraska Dep't of Educ.*, No. 8:20-CV-135, 2020 WL 6305453, at *3 (D. Neb. Oct. 28, 2020) (Detailing Preliminary Injunction elements).

Plaintiffs ignore well settled Eighth Circuit and Supreme Court precedent requiring jurisdiction be determined first,  "as a threshold matter." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95, 118 S. Ct. 1003, 1012, 140 L. Ed. 2d 210 (1998) ("The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception. *Mansfield, C. & L.M. R. Co. v. Swan*, 111 U.S. 379, 381, 4 S. Ct. 510, 511, 28 L. Ed. 462 (1884).'"); *Bhd. of Maint. of Way Employees Div. of Int'l Bhd. of Teamsters v. Union Pac. R. Co.*, 475 F. Supp. 2d 819, 831 (N.D.

---

[5]Plaintiffs' Complaint states no facts establishing Plaintiffs' Article III standing to bring such claims.  Furthermore, the Complaint asserts no actual damage, certainly impending irreparable harm, or special injury, *sustained by Plaintiffs* that would entitle *Plaintiffs* to an injunction based on negligence or public nuisance under the Nebraska common law, assuming arguendo, that a claim for injunctive relief for negligence would lie, if ongoing actual damage and immediate, certainly impending irreparable harm were demonstrated. But see: *Caronia v. Philip Morris USA, Inc.,* 5 N.E.3d 11, 22 N.Y.3d 439, 446 (N.Y. Ct. App. 2013) ("[A] threat of future harm is insufficient to impose liability against a defendant in a tort context.")." *Palmer v. Amazon.Com, Inc.,* 20-cv-2468 (BMC) (E.D.N.Y. November 1, 2020) (same).

Iowa 2007) ("Because federal courts cannot hear cases that fall outside of the limited jurisdiction granted to them, *Southwestern Bell Tel. Co.,* 225 F.3d at 945; *Marine Equip. Management Co.,* 4 F.3d at 646, and such courts must resolve challenges to subject matter jurisdiction first, *Negele*, 222 F.3d at 446, this court must address questions about its jurisdiction raised in the Carrier's Motion To Dismiss For Lack Of Subject Matter Jurisdiction before it can address the Union's Motion For Preliminary Injunction."); *United States v. Negele*, 222 F.3d 443, 446 (8th Cir. 2000) ("We must resolve jurisdictional questions first. See *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 95, 118 S. Ct. 1003, 140 L.Ed.2d 210 (1998)."); *Cole v. Goossen*, 402 F. Supp. 3d 992, 1002 (D. Kan. 2019) ("Because the motion to dismiss raises the threshold issue of Plaintiffs' standing to assert the claims on which they seek an injunction, the Court first addresses that issue before turning to the motion for a preliminary injunction.").

## CONCLUSION

Noah's submits that it is necessary for this Court to rule on Noah's 2 Motions to Dismiss as a "threshold matter" before ruling on Plaintiffs' Motion for Preliminary Injunction. Judicial economy strongly supports this proposition. Why should this Court expend substantial effort to resolve the plethora of legal and factual issues inuring in the pending Motion for Preliminary Injunction, when the matter can promptly be resolved on obvious jurisdictional grounds?

Dated:  February 17, 2021.

NOAH'S ARK PROCESSORS,
LLC, Defendant

By: s/ *W. Patrick Betterman*

W. Patrick Betterman, 10306
W. Patrick Betterman P.C., L.L.O.
3628 N. 163rd Plz.
Omaha, NE 68116
(402) 333-3334 (voice)
(402) 552-8808 (facsimile)
pat@betterlaw.com
ATTORNEY FOR DEFENDANT

3

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the foregoing brief complies with the type-volume limitation of NECivR 7.1(d) because it contains 1,112 words. The undersigned further certifies at he relied on the Microsoft Word count function (Microsoft Word for Microsoft 365 MSO (16.0.13426.20352) 64-bit), which included all text including the caption, headings, footnotes, and quotations.

s/ *W. Patrick Betterman*

W. Patrick Betterman, 10306

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 17, 2021, the undersigned electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the Plaintiffs' attorneys of record.   In addition, on February 17, 2021, the undersigned further certifies that he is also emailing a copy of the foregoing to the following attorneys for Plaintifffs:

Adam Sipple (SBN 20557) - ajsipple@aclunebraska.org;
Rose Godinez (SBN 25925) - rgodinez@aclunebraska.org;
Maren Lynn Chaloupka (SBN 20864) - mlc@chaloupkalaw.net;
Spencer Amdur - samdur@aclu.org;
Julie Veroff - jveroff@aclu.org;
Lee Gelernt - lgelernt@aclu.org; and
Noor Zafar - nzafar@aclu.org.

s/ *W. Patrick Betterman*

W. Patrick Betterman, 10306